# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20089-01-KHV |
| MONTGOMERY CARL AKERS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Defendant's Motion For Reconsideration Of The Court's Order Overruling His Motion For Production Of Case File Documents On December 5, 2011</u> (Doc. #389) filed December 15, 2011. Defendant seeks (1) all tapes in his file held by his former counsel, (2) all paperwork filed by Bank of America asserting a financial loss in this case, (3) a copy of the power of attorney which was admitted as an exhibit at the sentencing hearing and (4) grand jury transcripts. Doc. #387 at 7. As explained in the prior order, defendant has not shown that absent the requested information, he cannot prepare a motion to file a second or successive Section 2255 motion. In addition, as to the first three categories, defendant has not shown that he is unable to obtain such information from his most recent counsel.[1] As to the grand jury transcript, defendant

---

[1] Kansas Rules of Professional Conduct require that upon termination of the attorney-client relationship, an attorney submit "papers and property to which the client is entitled." Kan. R. Prof. Conduct. 1.16(d). To the extent that Ms. Rokusek has copies of the above materials that she has not already submitted to defendant or replacement counsel, she shall mail such tapes and documents (or copies of such tapes and documents) to defendant. See <u>United States v. Verdin-Garcia</u>, No. 05-20017-JWL, 2009 WL 1140163, at *1 (D. Kan. Apr. 27, 2009). The Court sustains defendant's motion in this limited regard.

has not established a "particularized need" for the transcript to overcome the public policy of grand jury secrecy.[2] Douglas Oil Co. v. Petrol Stops N.W., 441 U.S. 211, 223 (1979).

Defendant states that he needs the requested discovery to file a motion for leave to file a second or successive Section 2255 motion based on newly discovered evidence concerning "prosecutorial misconduct and ineffective assistance of counsel regarding Rokusek, Martin, Vratil, and others." Doc. #387 at 3. Once again, defendant seeks to establish a "wide spread collusion" between counsel and federal personnel. Doc. #389 at 3. This Court has repeatedly addressed defendant's baseless allegations of a conspiracy between the undersigned judge and counsel in this case. As explained in a prior order, defendant's assertions are untrue, irrational and insufficient to warrant recusal. See United States v. Akers, 2009 WL 3645068, at *1 (D. Kan. Oct. 30, 2009). Likewise, defendant's present conspiracy allegations are insufficient to permit a fishing expedition to find some evidence to support his far-fetched theory.[3]

For these reasons and substantially the reasons stated in the Order (Doc. #388) filed December 5, 2011, defendant's motion is sustained in part.

---

[2] Defendant notes that he is willing to pay for copies of the various materials including the grand jury transcript. Even so, defendant has not shown that he is entitled to the grand jury transcript.

[3] Any potential evidence that defendant could discover in this regard would appear to be insufficient to satisfy the high standard to authorize the filing of a second or successive motion under 28 U.S.C. § 2255 based on newly discovered evidence. See 28 U.S.C. § 2255(h)(1) (second or successive motion must be certified by panel of appropriate court of appeals to contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"); Brace v. United States, 634 F.3d 1167, 1170 (10th Cir. 2011) (second or successive Section 2255 motions restricted to claims involving either newly discovered evidence "strongly suggestive of innocence" or new rules of constitutional law made retroactive by Supreme Court).

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion For Reconsideration Of The Court's Order Overruling His Motion For Production Of Case File Documents On December 5, 2011</u> (Doc. #389) filed December 15, 2011 be and hereby is **SUSTAINED in part**.

**IT IS FURTHER ORDERED that on or before April 30, 2012, Jacquelyn E. Rokusek shall mail to defendant copies of (1) any tapes in defendant's file, (2) any paperwork filed by Bank of America asserting a financial loss in this case, and (3) the powers of attorney which were admitted as exhibits at the sentencing hearing, in her possession that she has not already submitted to defendant or replacement counsel. Ms. Rokusek shall mail the materials, if any, to defendant at Marion - USP, U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 1000, Marion, IL 62959. On or before April 30, 2012, Ms. Rokusek shall file a certificate of compliance with this order.**

**The Clerk is directed to ensure that Ms. Rokusek receives electronic notice of this order.**

Dated this 16th day of March, 2012, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge