# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MONTGOMERY CARL AKERS, ) <br> ) <br> Defendant. ) <br> _____) | CRIMINAL ACTION <br><br> No. 04-20089-01-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Defendant's Motion For Mandatory Preliminary Injunction En Route To A Permanent Preliminary Injunction Against The Named Government Respondent(s) To This Action</u> (Doc. #406) filed June 25, 2012. For reasons set forth below, the Court overrules defendant's motion and sets forth proposed restrictions on any future filings by defendant.

### I. Defendant's Motion For Injunction

Defendant apparently is claiming that prison officials and an Assistant United States Attorney violated his First Amendment right of access to the courts. Defendant's claim of lack of access must be brought as a separate civil rights action. The claim is not properly included in this criminal action.

### II. Filing Restrictions

"The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." <u>Winslow v. Hunter (In re Winslow)</u>, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (citation omitted). The Court may impose filing restrictions based on its inherent power to regulate federal

dockets, promote judicial efficiency and deter frivolous filings. United States v. Robertson, 2012 WL 1941372, at 4 n.4 (10th Cir. May 30, 2012); Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986); see Ysais v. Richardson, 603 F.3d 1175, 1180 (10th Cir. 2010) (federal courts have inherent right to regulate activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances); Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam) (same); see also Werner v. Utah, 32 F.3d 1446, 1447–48 (10th Cir.1994) (where party has engaged in pattern of litigation activity which is manifestly abusive, restrictions are appropriate after notice and opportunity to be heard).

The Tenth Circuit has applied a five-factor test in determining whether a court may limit a litigant's filing. See, e.g., United States v. Kettler, 934 F.2d 326 (Table), 1991 WL 94457, at *6 (10th Cir. June 3, 1991) (citing Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). These factors include (1) the litigant's history of litigation and whether it entails vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether lesser sanctions would be adequate to protect the courts and other parties. Id. Ultimately, the question is whether a litigant is likely to continue to abuse the judicial process and harass other parties. Safir, 792 F.2d at 24.

Here, all of the above factors weigh in favor of limiting any further pro se filings in this case. More than four years ago, on January 16, 2008, the Tenth Circuit Court of Appeals affirmed defendant's sentence of 327 months in prison. See United States v. Akers, 261 Fed. Appx. 110 (10th Cir. Jan. 16, 2008). Defendant has filed a barrage of motions which challenge collateral matters

related to his criminal case. Since the Tenth Circuit affirmed defendant's sentence, this Court and the Tenth Circuit have collectively issued some 26 orders related to defendant's numerous motions and appeals. See District Court Orders (Doc. ## 248, 277, 280, 282, 283, 291, 292, 306, 321, 328, 335, 366, 375, 384, 388, 390, 393, 396) filed between March 5, 2008 and April 30, 2012; Tenth Circuit Orders (Doc. ##265, 310, 313, 363, 370, 371, 386, 404) filed between July 28, 2008 and May 25, 2012. Defendant has filed numerous civil suits throughout the country in an attempt to argue collateral issues. Nearly all of plaintiff's filings have been duplicative, vexatious and/or meritless. Enough is enough. The first factor clearly weighs in favor of filing restrictions.

The other four factors also weigh in favor of filing restrictions. Defendant certainly does not have a good faith expectation of prevailing on his claims. Defendant is not represented by counsel, and this fact has led to numerous abusive filings. Defendant's filings have caused an unnecessary burden on judicial resources. The Court has been taxed by processing defendant's numerous filings and drafting orders which explain well-established concepts and legal principles that defendant surely understands. The Court finds that lesser sanctions would not be adequate to protect the Court and the government from future groundless filings. In sum, all five factors weigh in favor of filing limitations.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Mandatory Preliminary Injunction En Route To A Permanent Preliminary Injunction Against The Named Government Respondent(s) To This Action (Doc. #406) filed June 25, 2012 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that if defendant files any document in this criminal case which the Court deems frivolous, the Court will sanction defendant a minimum of $500.00 for each violation and may impose further restrictions on his future filings in the District of Kansas. This

restriction does not apply to documents filed on defendant's behalf by a licensed attorney who is admitted to practice in the District of Kansas.

**IT IS FURTHER ORDERED** that defendant shall have 14 days from the date of this order to file written objections to these proposed filing restrictions.  His response shall be limited to five pages.  If defendant does not file a timely objection, the filing restrictions shall take effect 21 days from the date of this order.  If defendant files timely objections, these filing restrictions shall take effect only if the Court overrules any such objections.  In that event, the filing restrictions shall apply to any matter filed after that ruling.

Dated this 20th day of August, 2012, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge